Filed 9/30/22 P. v. Gower CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078792 |
| v. | (Super.Ct.No. BPR2200081) |
| ROBERT GOWER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Sylwia Luttrell, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

INTRODUCTION

A trial court found that defendant and appellant Robert Gower violated his parole by failing to report to his assigned parole agent and failing to wear a Global Positioning System (GPS) device.

1

Defendant filed a timely notice of appeal. We affirm.

## PROCEDURAL BACKGROUND

In 1996, defendant was convicted of committing a lewd and lascivious act upon a child under the age of 14. As a result, he was required to register as a sex offender. On August 23, 2016, he was convicted of a violation of Penal Code[1] 290.018, subdivision (b) (willfully violating the sex offender registration requirements under section 290) and was sentenced to serve two years eight months in state prison. After serving one year nine months of his sentence, he was released on parole on May 12, 2018.

Defendant signed a Notice of Conditions of Parole and Special Conditions of Parole, acknowledging that he was required to participate in GPS monitoring and that he was required to report to his parole agent within one business day of being released from custody. He was subsequently found in violation of his parole and served time in custody multiple times.

After serving time on one of his parole revocations, defendant was released from the Riverside County Jail on January 31, 2022. He was given instructions to report to the Riverside Parole office by February 1, 2022, in order to have a GPS device affixed to his person. Defendant failed to report to his assigned parole agent by February 1, 2022. His parole agent attempted to locate him, but was unable to. His agent eventually learned that defendant was arrested on February 21, 2022. At the time he was arrested, defendant was not wearing a GPS device.

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

A petition for revocation of parole was filed on February 25, 2022. At the parole revocation hearing, defendant's parole agent testified that he reviewed the Notice and Conditions of Parole and Special Conditions of Parole with defendant. He testified that every time individuals were released from custody, they were reminded of their requirements, and that defendant was aware he was required to report to the parole office one day after being released, and that he was required to wear a GPS tracking device.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issue: whether the evidence supported the trial court's finding that defendant violated his parole. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


FIELDS                        
                          J.


We concur:


MILLER                   
          Acting P. J.


SLOUGH                
          J.

4